May it please the Court. Davina Chen on behalf of D'Andre Lamont Locklin. Mr. Locklin's argument is straightforward, Your Honors. The government bears the burden of proving, at trial, to a jury, beyond a reasonable doubt, every element of a criminal offense. In this case, the criminal offense was failure to appear, and an element of that offense is what the penalty for the underlying charge on the offense was. So the conviction must be vacated. Conviction must be vacated, even though trial counsel invited the jury to find guilt? It's a very weird case, Your Honor, because this is one of those cases where nobody knew what the element of the offense was. It's not a case where there was some argument as to what the elements of the offense were. Everyone thought the elements of the offense did not include this element. So given that the government bears the burden of proving every element, I don't think that Ms. Steele's invitation that they convict her client, even though there was no proof as to a central element, can really be considered invited error. Invited error is when you know what it is that you're inviting. In this particular case, it's very evident that nobody knew what the elements of the offense were. Well, you're suggesting that counsel was ineffective. Ineffective, probably not strictly ineffective, but ineffective. Fairly strictly, no? Is that a determination that you want this Court to make? Whether counsel was ineffective? If the Court needs to make the determination as to whether counsel was ineffective to determine whether or not Ms. Steele's I should think a rather strong argument could be made that a lawyer who invites a jury to convict in a situation in which you say now the elements of the offense were not before the jury, that somehow that lawyer was not really acting up to snuff. No? I would agree with that. But I also would – I would agree with that, yes. But would that – an ineffective assistance claim isn't – I'm not sure that it's – it hasn't really been formally made by you on behalf of your client. And, indeed, I suppose it would be difficult to make on a direct appeal as opposed to a collateral challenge. Am I right? That's correct. So the ineffective claim would need to be made, I believe, collaterally in this case, because there probably are some evidentiary questions. But I don't think we need to reach that, because I think it is quite clear that regardless of what Ms. Steele said in closing, the government bears the burden of proving their case. It is not defense counsel's responsibility to advise the government what the elements are. The government needs to know what the elements are. In the last case, there was a lot of discussion about this Apprendi error and what is overwhelming and uncontroverted. And it was interesting in that case because it appears that the evidence was overwhelming but controverted. In this case, the evidence was not overwhelming. It's true it was not controverted, but it was not overwhelming. And that is the first inquiry that we need to make in terms of whether the evidence was sufficient. It's odd even to talk about evidence in this case, because the charge was that he had failed to appear at the earlier trial. Yes. And the indictment names the case number at which he had failed to appear. Everyone in that courtroom who was sort of a lawyer or a judge understood exactly what that earlier charge was. The jury was not told what it was. But when Mr. Laughlin's lawyer said to the jury, listen, I'm willing to concede that he's guilty of the failure to appear, he knew exactly what he was conceding. She knew what she was conceding in terms of what she thought the elements of the offense were. So given that she thought the elements of the offense did not include what the nature of the underlying charge was, she conceded that. But she knew exactly what that earlier case was. She knew exactly what that earlier case charged. That earlier case charged precisely what was charged in the case now in front of her. And there's no doubt about that. And there's probably no doubt, I don't know, that if the government had sought a stipulation as to what that underlying charge was, maybe they would have stipulated. But the government did not seek that stipulation. It's interesting because there's two stipulations in this case. One stipulation is as to his prior felony conviction. And if you look at that stipulation, the government has provided it in their excerpts of record, it makes out the very elements of the offense in the felon in possession case. That is that he had been convicted of an offense which was punishable by more than one year. That meant both the element as defined in the instructions and the element in the statute. The stipulation they sought with regard to the failure to appear was only that he had been released in connection with this case, and it cited the case number. That stipulation met the element as what the jury was instructed on, but that stipulation did not meet the element which is an element of this offense. So I understand it's problematic that Ms. Steele said, yeah, convict him on this charge. But she did not even know what the elements of the offense were. If somebody comes in to prove guilty. Kagan How can you say she doesn't know what the elements of that offense are? It's precisely the same offense that's being charged as the substantive crime. Does the other count in the indictment? I'm sorry. I misspoke. I didn't mean that she didn't know the underlying facts. What I meant is that she did not know what the elements of the offense are, the statutory elements of the offense. Oh, the statutory elements of the failure to appear? Yes. I see. So if you go in to plead guilty and the judge does not advise you what the elements of the offense are, and you plead guilty and you make a factual basis as to the elements which the judge does advise you to, that is not a valid guilty plea. Okay. Now, I'll indulge you for the moment on the assumption that defense counsel did not know what the elements of the failure to appear charge were. I'm not sure that that's the case, but I'll indulge that assumption for the moment. Had she known what the elements were, she would then have known precisely that that charge satisfied because she was defending on precisely that substantive charge on the other count. I'm sorry. If she had known what the elements were, then she would have known that the element was met. Correct. Yes, but this is a trial, right? So it's the jury that's supposed to make that determination. Well, but we also have the question with which Judge Pollack began, and that is what are we supposed to make of the defense counsel standing up in front of the jury and basically saying it's okay, convict on the failure to appear, but please do not convict on the substantive charge, and the jury did exactly that. Again, I think I would analogize that to a guilty plea situation where somebody comes in and they waive all their rights, and they waive their right to a trial and evidence, et cetera, and they say, I'm guilty. What they're telling the judge is, convict me. I am guilty of this offense. But if that person doesn't know what the elements of the offense are, that's not a valid guilty plea. Now, do we judge them? I'm sorry. Go ahead, please. No, no. This is a quick one. Do we judge this on a harmless error standard, on a plain error standard? What's our standard of review here? It's either, I believe, de novo or plain. It cannot be harmless, because this is a sufficiency case. I do not know how you subject a sufficiency challenge to harmless error review. Because if the issue is whether or not the charge was proved at trial, it either was or it wasn't proved at trial, there's no way to subject that to a harmless error review unless you look at other evidence. And if you look at other evidence, that's no longer a sufficiency challenge. It's some other kind of challenge. The government cites a number of cases in support of the argument that it's a harmless error challenge, but none of those are sufficiency cases. I thought it was quick. Thank you. And now Judge Pollack had a question. You've analogized this to a faulty guilty plea colloquy. Yes. Now, in that scenario, if one concludes that the guilty plea colloquy was faulty, then I take it the guilty plea is obviated and one goes back to square one and either there's a new guilty plea or there's a trial, right? I believe you're correct in this instance. The Ninth Circuit has had... What I'm wondering about is this. As I understand it, in the case we have, you're suggesting that the conviction be set aside. Yes. But you're not suggesting that then the government would have an opportunity to try the case again. No. No. It's an odd position to be in. I'm going to... Counsel, counsel, Judge Gould, may I ask you a question? What's your best case that would say that identifying the prior crime he didn't appear on is an element of the crime? So I understand it can affect the sentence, but what's the best case saying it's an element? Your Honors, I wasn't able to find any cases on this statute, but I cited cases that go to the escape statute, and that's 18 U.S.C. 751, which is quite similar in structure. It's not the same statute. And those cases, the best cases are Richardson, I think, and Rosa Ortiz. In the instance of escape cases, if somebody escapes from prison, but we don't know what they were in prison for, the Seventh Circuit held in Richardson that that is not a full offense. The fact that someone is in prison because they were convicted of a crime is an element of the crime of escape. And I would say similarly in this case. Because if there is no proof as to what the person failed to appear for, there is no  And without a penalty, it can't be an offense. The Supreme Court held that in a case called Evans 50 years ago. Well, I thought that the statute, I thought the statute lays out that if they didn't appear, you know, for something for which they could be jailed for a year or more, they'd have one penalty. But if they didn't appear for a different crime, they'd have a lower penalty. But I didn't see anything in the statute saying the crime would have to be identified. No, I don't believe that the crime itself has to be identified. The penalty for the crime has to be identified. So if they failed to appear on an infraction... But I didn't see that stated in the statute literally as an element of the offense, but thought as relevant to the scope of the permissible sentence for the offense. I think after Apprendi, the judge cannot find the fact that sets out the penalty. So, for instance, if someone were released on bail for an infraction, which is not a misdemeanor, it's not a felony, it's not anything that is covered by this statute, that would not be a crime under this statute. I'm not saying that Mr. Laughlin was released pursuant to an infraction. What I'm saying is that the jury did not know what he was released in connection with. So I don't have a case directly on point as to 3146, but I have the cases as to 751, the escape statute. And in Rosa Artis, the ‑‑ I think it was the First Circuit, actually set aside a guilty plea because somebody pled guilty for assisting an escape of a Federal prisoner who was a material witness. And the 751 statute did not cover escape of people who were material witnesses. So although she actually pled guilty, her conviction was set aside. So I don't have a best case as far as 3146. I would cobble together Apprendi, 751, and Evans. And I think that Judge Pollack had a question as to whether Evans actually said that. Well, I'm curious as to what Evans may be taking as saying. You're suggesting that Evans didn't sustain the conviction in that case. Right. Yes. But in effect sent the statute back to the drawing boards, back to Congress to figure out what Congress thought was going on. There's a ‑‑ I imagine your construction is as good as mine is what Evans means. So I'll withdraw the question. It's good to be there. I see. Okay. I see I'm over time. Well, no fault of your own. You are over. Let's hear from the government, and then we'll give you a minute to respond. Thank you. Good morning. May it please the Court. Anthony Montero for the United States. I'll begin with the fact that there are two Ninth Circuit cases right on point as to the elements of a failure to appear. By the way, were you the trial counsel? Yes, Your Honor. You could have saved yourself a lot of trouble. Absolutely, Your Honor, and I will definitely address that. I absolutely ‑‑ there's no disputing that. Appeals are like Monday morning quarterbacking. But I wanted to just ‑‑ that there is two Ninth Circuit cases directly on point, Fisher and Weaver. And the interesting thing is that both Fisher and Weaver, which are post‑Richardson, the Seventh Circuit case cited by defense counsel, dealt with failure to appear where the underlying charge was a felon in possession. And in both those cases, they laid out what the elements of the crime were and simply stated the element that defense counsel is projecting is not stated as an element of the offense. The only way you get to her argument, and she acknowledges that, she doesn't acknowledge that in the papers, but she did acknowledge it in argument, is through Apprendi. The only way you get to somehow revisit the elements that are laid forth in Fisher and Weaver is because of Apprendi. And the key there is that even if, once you get to Apprendi, there is a harmless error analysis. And even if you disagree with the government, I want to first point out that the government thinks, one, that it was established by the evidence in this case. I'll agree with defense counsel. It was not overwhelming, but it was uncontroverted. And particularly when you have to view it in a light most favorable to the government, it was established. And the government laid that out. There was discussions by the two investigative agents about the June 21, 2005 trial, about the felon in possession count. There was an admission by the defendant that he did not appear on the June 21 trial. There was a cross-examination of FBI Special Agent Eric Mayo about the felon in possession count. And so there is evidence in the record, I agree, not overwhelming, but that the jury, viewed in a light most favorable to the government, fully was aware and found that the first count, particularly when one looks at the jury instructions, which the government concedes are not evidence, but when one looks at the indictment, the superseding indictment, and the jury instructions, they were instructed as to exactly what the first count or what the underlying charge was in this case. More importantly, and getting to the Court's point, in the Richardson case, which is cited by defense counsel, a Rule 29 motion was brought at the close of the case. And it's actually cited in the case. It very specifically addressed the issue at hand, the issue of an element not being stated. Here, if the Court looks at the excerpt of records at 299 to 301 and at 503, the defense counsel brought a Rule 29 motion only as to the felon in possession count. So this argument, to the extent that the Court is evaluating it, it is a forfeited argument, and the review should be under plain error. And when they brought the Rule 29 motion, I mentioned that, Your Honor, even if you accept these arguments, they're not addressing the second count. Therefore, the Rule 29 motion must be denied. And there was no additional argument that, well, Your Honor, we're also challenging the failure to appear. And the fact of the matter is, a fair reading of the trial was the failure to appear was conceded. And I want to be clear, not just conceded by defense counsel, but conceded by defendant on cross-examination. So it is not just a situation where it's ineffective assistance of counsel. But conceded by the defendant on cross-examination, yeah, he says I didn't appear. But the question is more than I didn't appear. The question is, I didn't appear for what? Well, if you accept that that is an element of the offense. And as to the Court's ruling, which I want to get into in a discussion of plain error, there is a reason why the government did not, you know, I think we would have a very different appeal here if the government was bringing up that the, by the way, the prior felony was a felon in possession charge. The government, and I think it's, as you can read from the record, every time we came close to that charge, or that discussion, there was an objection by defense counsel. They did not want us continually beating up that it was a felon in possession charge. So, yes, with some Monday morning quarterbacking, one simple question would have eliminated this entire appeal. But when one is looking at it under a plain error standard, the reason why the government is not beating up that it's a felon in possession charge is to protect the integrity of the pleadings. And then the final point that I want to raise is when you're reviewing it in a plain error analysis, it simply cannot be plain error, regardless of how we all may disagree as to what plain error is. But it cannot be plain error when defense counsel gets up and says, find my client guilty on count two, not guilty on count one. When they, again, a few moments later says, do what's right, find him guilty on count one, not guilty, I'm sorry, guilty on count two, not guilty on count one. And then the jury, in fact, does that. It cannot be something that affected the fairness and the appropriateness of the judicial proceeding. And what about the sentence? Does the government have a position as to whether the sentence is fallible or not? To the extent that there is a sentence, the government would argue it's harmless error, because they did raise that in sentencing. They did challenge the sentence, not the conviction. And the government would argue that, based on under Requenco and the cases that were previously discussed in actually the prior appeal, that the court can look at all of those issues. And it is clear from this case that if the jury had had everything, that they would have voted the same way, that absent the error, the results would have been the same, particularly when one looks at the entire record. Even though I have four minutes left, if there are no further questions, the government would submit. Thank you. Roberts. Here's no further questions. Thank you. Would you like a moment? Yes. On the standards of review, the government is attempting to import a harmless error standard into a sufficiency case. And I just want to alert the Court that this is radical. The argument the government is making is that even if it fails to prove an element of the offense at trial, the Court should look to the entire record, including what happens at sentencing, to determine what the government would have proved if it had known it had to prove it. But it sounds as though the government wants plain error as to the conviction and harmless error as to the sentence. As to plain error, I do agree that plain error is an appropriate standard, and I would like to direct the Court to Holloway, which is a case in which the missing element was the FDIC insurance. Okay. Thank you. Okay. Thank you both sides very much for their helpful arguments. The case of the United States v. Laughlin is now submitted for decision. At this point, let me just, usually we can do this by whispering among ourselves, but because we've got remote control, I'll simply ask Judge Pollack and Judge Gould, do you want to take a break at this time, or should we do the next case? We could do the next case as far as I'm concerned. Okay. We'll hear the next case, and then we'll take a break.
judges: Fletcher, Gould, Pollak